UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| FIFTH THIRD BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 8:11-cv-2687-T-30TBM |
| ODYSSEY (II) DP VIII, LLC and ODYSSEY | ) |
| OPERATING PARTNERSHIP II, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**CASE MANAGEMENT REPORT**

1. <u>Meeting of Parties</u>: Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on <u>February 10, 2012</u> (date) at <u>2:00 p.m.</u> (time) (check one) (<u>X</u>) by telephone (or) (_____) at _____ (place) and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| Mark J. Wolfson | Plaintiff |
| Christina Y. Taylor | Plaintiff |
| J. Kemp Brinson | Defendants |

2. <u>Initial Disclosures</u>:

    a. Fed. R. Civ. P. 26(a)(1) as amended December 1, 2000 provides that "[e]xcept in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information; (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying

as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P.26(a)(1).[1]

The parties (check one)

_____ have exchanged information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) or agree to exchange such information on or before _____ (date).[2]

X\_\_\_\_ stipulate to not disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) for the specific reason(s) that:

The parties are familiar with the persons and types of documents set forth Fed. R. Civ. P. 26(a)(1)(A)-(D).

_____ have been unable to reach agreement on whether to disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D). (Identify party or parties) _____ objects to disclosure of such information for the specific reason(s) that:

_____
_____
_____
_____

3. <u>Discovery Plan - Plaintiff</u>: The parties jointly propose the following Plaintiff's discovery plan

a. <u>Plaintiff's Planned Discovery</u>: A description of every discovery effort Plaintiff plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1) <u>Requests for Admission</u>:

---

[1] A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures. See Fed. R. Civ. P. 26(a)(1).

[2] Information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) must be made "at or within 14 days of the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan." Fed. R. Civ. P. 26(a)(1). Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order. See Fed. R. Civ. P. 26(a)(1).

<u>Plaintiff may propound requests for admissions relating to non-payment of the loan. Such requests will be served in accordance with the discovery cut-off deadline agreed upon by the parties.</u>

Number of Requests for Admission: Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

    (2)    <u>Written Interrogatories</u>:

<u>Plaintiff may propound interrogatories relating to the denials contained in the defendants' answer as well as the affirmative defenses asserted by the defendants. Such interrogatories will be served in accordance with the discovery cut-off deadline agreed upon by the parties.</u>

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

    (3)    <u>Requests for Production or Inspection</u>:

<u>Plaintiff may seek documents relating to the denials contained in the defendants' answer as well as the affirmative defenses asserted by the defendants. Such requests will be served in accordance with the discovery cut-off deadline agreed upon by the parties.</u>

    (4)    <u>Oral Depositions</u>:

<u>Lawrence T. Maxwell</u>

<u>Lawrence W. Maxwell</u>

<u>Corporate representative(s) of the defendants</u>

<u>Records custodian for plaintiff</u>

<u>Loan officers who witnessed original loan and subsequent modifications</u>

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

3

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| Name | Proposed length of Deposition | Grounds |
|---|---|---|
| None. | | |

b. Disclosure of Expert Testimony: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here: September 30, 2012

c. Supplementation of Disclosures and Responses: Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times: October 31, 2012

d. Completion of Discovery: Plaintiff will commence all discovery in time for it to be completed on or before September 30, 2012 (date).

4. Discovery Plan - Defendant: The parties jointly propose the following Defendant's discovery plan

a. Defendant's Planned Discovery: A description of every discovery effort Defendant plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1) Requests for Admission:

Defendants may propound requests for admissions relating to the allegations of the complaint which have not been admitted as well as admissions relating to the owner and holder of the loan documents and damages. Such requests will be served in accordance with the discovery cut-off deadline agreed upon by the parties.

Number of Requests for Admission: Parties may seek to limit the number of Defendant's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

(2) Written Interrogatories:

Defendants may propound interrogatories relating to the allegations of the complaint which have not been admitted as well as admissions relating to the

4

<u>owner and holder of the loan documents and damages. Such interrogatories will be served in accordance with the discovery cut-off deadline agreed upon by the parties.</u>

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

    (3)    <u>Requests for Production or Inspection</u>:

<u>Defendants may seek documents relating to the allegations of the complaint which have not been admitted as well as admissions relating to the owner and holder of the loan documents and damages. Such requests will be served in accordance with the discovery cut-off deadline agreed upon by the parties.</u>

    (4)    <u>Oral Depositions</u>:

<u>Corporate representative(s) of plaintiff</u>

<u>Witnesses to rebut allegations and/or contentions of plaintiff</u>

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| <u>Name</u> | <u>Proposed length of Deposition</u> | <u>Grounds</u> |
|---|---|---|
| None. | | |

    b.    <u>Disclosure of Expert Testimony</u>: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendant's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here: <u>September 30, 2012</u>

   c. <u>Supplementation of Disclosures and Responses</u>:  Parties agree that Defendant's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:  <u>October 31, 2012</u>

   d. <u>Completion of Discovery</u>:  Defendant will commence all discovery in time for it to be completed on or before <u>September 30, 2012</u> (date).

  5. <u>Joint Discovery Plan - Other Matters</u>:  Parties agree on the following other matters relating to discovery (*e.g.*, handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

  <u>Any ruling on the entry of a deficiency judgment will be based on a separate evidentiary hearing after the completion of any foreclosure sale.  The parties will agree to a separate discovery schedule relating to any such deficiency hearing.</u>

  6. <u>Disagreement or Unresolved Issues Concerning Discovery Matters</u>: Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates. The parties are unable to agree as to the following issues concerning discovery:

<u>None.</u>

  7. <u>Third Party Claims, Joinder of Parties, Potentially Dispositive Motions</u>: Parties agree that the final date for filing:

   a. motions for leave to file third party claims and/or motions to join parties should be <u>June 31, 2012</u>.

   b. motions for summary judgment and all other potentially dispositive motions should be <u>September 30, 2012</u>. (Note time limit in Local Rule 4.03.)

  8. <u>Settlement and Alternative Dispute Resolution</u>:  Pursuant to Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution:

Parties agree that settlement is
\_\_\_\_\_ likely  (check one)
<u>X</u> unlikely.

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b).
  _____yes  <u>X_____</u>no  _____likely to agree in future

If binding arbitration is not agreed to, the court may order nonbinding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida, mediation pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or both.

6

9. <u>Consent to Magistrate Judge Jurisdiction</u>:  The parties agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial.  <u>See</u> 28 U.S.C. § 636.

_____yes          X_____no          _____likely to agree in future

10. <u>Preliminary Pretrial Conference</u>:
Track Three Cases:  Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are mandatory in Track Three Cases

Track Two Cases:  Parties
_____ request          (check one)
X_____do not request
a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case.  Unresolved issues to be addressed at such a conference include:

11. <u>Final Pretrial Conference and Trial</u>:  Parties agree that they will be ready for a final pretrial conference on or after <u>October 29, 2012</u> (date) and for trial on or after <u>December 3, 2012</u> (date).  This Jury_____ Non-Jury <u>X</u>____ trial is expected to take approximately <u>8</u> hours.

12. <u>Pretrial Disclosures and Final Pretrial Procedures</u>:  Parties acknowledge that they are aware of and will comply with pretrial disclosure requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local rule 3.06.

13. <u>Other Matters</u>:

<u>None.</u>

4826-3094-7342.3

Date: May 30, 2012

/s/ Christina Y. Taylor
Mark J. Wolfson (FBN 0352756)
mwolfson@foley.com
Christina Y. Taylor (FBN 0057616)
cytaylor@foley.com
Foley & Lardner LLP
100 North Tampa Street, Suite 2700
Tampa, FL  33602-5810
Telephone:  813.229.2300
Facsimile:  813.221.4210

Attorneys for Plaintiff


/s/ J. Kemp Brinson
J. Kemp Brinson (FBN 752541)
kbrinson@ccmattorneys.com
500 South Lakeland Ave., Suite 800
Lakeland, FL  33801
Telephone:  863.647.5337
Facsimile:  863.647.5021

Attorneys for Defendants